**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Souza, | No. CV09-1103 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Sunbelt Auto Group, Inc., doing business as Aamco Transmissions, et al., | |
| Defendants. | |

Plaintiff and Defendants have filed motions for summary judgment. Dkt. ##16, 18. The motions are fully briefed. Dkt. ##19, 25, 21, 23. Souza has also filed a motion to strike the affidavit of Wendell Johnson, which Defendants cite in support of their motion. Dkt. #22. For reasons that follow, the Court will deny both of Souza's motions and will grant in part and deny in part Defendants' motion.

**I. Background.**

Souza was an employee at Sunbelt Auto Group, Inc., a repair shop that did business as AAMCO Transmissions. According to Souza, he was entitled to overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Defendants failed to pay him overtime as required during the three years that he worked for Sunbelt. Defendants dispute that Souza was entitled to overtime pay, and have filed a counterclaim against Souza on the ground that he "wrongfully . . . converted to his own use certain Transmission Parts owned by Sunbelt." Dkt. #5 at 5. Both parties have moved for summary judgment on the question of whether Souza was entitled to overtime pay under the FLSA. Dkt. ##16, 18.

## II. Legal standard.

### A. Summary judgment standard.

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130. In addition, the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### B. FLSA.

The FLSA regulates wages and hours of work in private and public employment. Generally, it "requires employers to pay employees one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek." *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666 W(WMC), 2008 WL 1860161, *1 (S.D. Cal. Apr. 22, 2008). The FLSA has an exception, however, for individuals who are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). A "bona fide executive" is an employee (1) who is paid a salary of not less than $455 per week, (2) whose "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision therof," (3) who "customarily and regularly directs the work of two or more other employees," and (4) who "has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a). The employer bears the burden of proving that an employee is a bona fide executive. *Walling v. General Indus. Co.*, 330 U.S. 545, 547-48 (1947).

1  **III.    Analysis.**

2       Both parties have moved for summary judgment on the question of whether Souza
3  was a bona fide executive employee. Souza contends that Defendants have failed to put
4  forward sufficient evidence showing that he was a bona fide executive employee and that,
5  as a result, he is entitled to judgment as a matter of law. Dkt. #18. Defendants contend that
6  the facts, even when viewed in the light most favorable to Souza, show that Souza was an
7  executive employee. Fed. R. Civ. P. 56(c). The Court finds that there is a genuine issue of
8  material fact as to whether Souza was an executive employee.

9       **A.    Salaried Employee.**

10      Under 29 C.F.R. § 541.118, "[a]n employee will be considered to be paid 'on a salary
11 basis' within the meaning of the regulations if under his employment agreement he regularly
12 receives each pay period on a weekly, or less frequent basis, a predetermined amount . . .
13 which amount is not subject to reduction because of variations in the quality or quantity of
14 the work performed." Both Souza and Defendants seek summary judgment on this issue.

15      Souza argues that he is entitled to summary judgment because Defendants' payroll
16 records listed him as an hourly employee. *See* Dkt. #18-3 at 6-10. The payroll classification
17 of Souza is not dispositive. An employee may be labeled as hourly in the employer's books
18 and yet actually qualify as salaried. For instance, in *Palazzolo-Robinson v. Sharis
19 Management Corp.*, 68 F. Supp. 2d 1186, 1192 (W.D. Wash. 1999), the court noted that "a
20 payroll accounting system which calculates an exempt employees [sic] pay on an hourly
21 basis does not indicate that the employee was not salaried and, thus, is subject to the FLSA's
22 minimum wage or overtime wage requirements." Similarly, in *McGuire v. City of Portland*,
23 159 F.3d 460, 464 (9th Cir. 1998), the Ninth Circuit found that an employee was salaried
24 because he received the same pay every week, even though the employer accounted for the
25 employee's time on an hourly basis. Thus, the fact Defendants' payroll records list Souza
26 as an hourly employee does not necessarily mean that Souza was an hourly employee.

27      Souza also argues that on "one occasion he was docked for less than a full day of
28 pay." *See* Dkt. #18-1 at ¶ 7. In response, Defendants cite the deposition testimony of John

Lindsay, the owner of Sunbelt, who stated that the only reason Souza was docked for less than a full day's pay was that "he came to me and he said his drug counselor or the people he worked with – Drugs Anonymous I think it's called – told him that he had to be accountable and responsible for his actions, and he suggested we deduct moneys from him." Dkt. #20-1 at 4. Taking these facts in the light most favorable to Defendants as the non-moving party, the Court cannot find as a matter of undisputed fact that Souza was an hourly employee.

Defendants argue that they are entitled to summary judgment because the "payroll classification of 'hourly' does not defeat an employee's exempt status." Dkt. #23 at 3. While the mere classification of an employee as hourly is not dispositive, Defendants have failed to meet their burden of showing that Souza was salaried. Their motion for summary judgment (Dkt. #16) and reply (Dkt. #23) fail to identify any evidence in the record showing that there is no dispute of fact as to whether Souza was a salaried employee. *See Celotex*, 477 U.S. at 323 (A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.").

**B. Management Duties.**

Under 29 C.F.R. § 541.100(a), Souza's "primary duty" must have been "management of the enterprise" in which he was employed or management "of a customarily recognized department or subdivision therof." Both parties argue that they are entitled to summary judgment on this issue.

Souza argues that his primary duty was not management, but rather was to diagnose and in some cases repair customer automobiles. Souza relies on the deposition testimony of Kristian Fossler, an employee at Sunbelt, who stated that Souza's "job duties was [sic] to diagnose each and every vehicle that came into the shop, what the problem was, and then to figure out what was the course of action to correct that problem." *See* Dkt. #18-3 at 3. In response, Defendants argue that Souza's primary duties were managerial as shown by the affidavit of John Lindsay, who stated that Souza "participated in interviewing potential

employees," "trained new employees," "directed most if not all of the work of employees," "planned the work that would be done," "determined what techniques should be used for much of the work that was done," "determined the type of parts to order," and "determined the flow and distribution of work at Sunbelt's shop." Dkt. #17-1 at 4. Defendants also cite the statement of Wendell Johnson[1] that Souza was "a salaried employee in a position as Lead Man and then Assistant Manager of the shop." Dkt. #17-1 at 6. They also cite the statements of Ben Carlson and Thomas Schuldner that Souza's "duties entailed the supervision of 2 full time technicians." Dkt. #17-1 at 8, Dkt. #17-1 at 10.

Each side offers competing evidence, precluding summary judgment. Defendants argue that Fossler's testimony is unreliable, but questions of credibility are for the finder of fact at trial, not for the Court at summary judgment. *Anderson*, 477 U.S. at 255.

**C. Supervisory Duties.**

Under 29 C.F.R. § 541.100(a), Souza must have "customarily and regularly direct[ed] the work of two or more other employees." Both parties argue that they are entitled to summary judgment on this issue.

Souza argues that he was not a supervisor because Fossler stated in his deposition that Souza was not a supervisor. Dkt. #18-1 at 3 (citing Dkt. #18-3 at 4). Defendants rely on the affidavit of John Lindsay, who stated that Souza "directed most if not all of the work of employees," and on the statements of Ben Carlson and Thomas Schuldner, who stated that Souza's "duties entailed the supervision of 2 full time technicians." Dkt. #17-1 at 4, 8, 10. This factual dispute precludes summary judgment.

**D. Hiring and Firing.**

Under 29 C.F.R. § 541.100(a), Souza must have been an employee who "ha[d] the

---

[1] Plaintiff has filed a motion to strike the affidavit of Wendell Johnson. Even without Johnson's affidavit, Defendants have presented sufficient evidence to preclude summary judgment on the question of whether Souza's primary duties were managerial or whether Souza was a supervisor. As a result, the Court finds the motion to strike moot and will deny it (Dkt. #22).

1 authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [were] given particular weight." Both parties argue that they are entitled to summary judgment on this issue.

Souza argues that he could not hire and fire. Dkt. #18-1 at ¶ 10. In support, he cites John Lindsay's deposition. The deposition, however, does not show that Souza could not hire and fire and certainly does not show that Souza carried no weight in the hiring and firing process. *See* Dkt. #18-2 at 4-5 (John Lindsay stating that Souza had the authority to impose formal discipline on employees and that he also reviewed applications). As a result, Souza has failed to show that he is entitled to summary judgment.

Defendants contend that Souza's "recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [were] given particular weight." 29 C.F.R. § 541.100(a). In support, they cite the statement of John Lindsay that "Plaintiff was the individual I relied upon to determine how a particular technician was performing," and that he "took Plaintiff's recommendations about hiring and firing very seriously." Dkt. #17-1 at 3. In response, Souza contends that his duties did not include hiring and firing and that he did not complete performance reviews or evaluate employees, but he fails to provide any evidence showing that his recommendations as to hiring and firing were not given weight. A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Souza has failed to do so and, as a result, the Court finds that "there is no genuine issue as to any material fact and that [Defendants] [are] entitled to judgment as a matter of law" on this question. Fed. R. Civ. P. 56(c).

**IT IS ORDERED:**

1. Souza's motion for summary judgment (Dkt. #18) is **denied**.
2. Defendants' motion for summary judgment (Dkt. #16) is **granted** with respect to Souza's hiring and firing authority, but otherwise **denied**.
3. Souza's motion to strike (Dkt. #22) is **denied as moot**.

4. The Court will set a final pretrial conference by separate order.

DATED this 6th day of April, 2010.

_David G. Campbell_
United States District Judge